# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INVENTION SUBMISSION CORPORATION, d/b/a INVENTHELP and ROBERT J. SUSA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR MACK ENTERPRISES, INC. and ZULAN BERRY, an individual,<br><br>Defendants. | No. 2:21-cv-15<br><br>**JURY TRIAL DEMANDED** |

**MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL COMPLAINT, EXHIBIT B TO THE COMPLAINT, AND BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Invention Submission Corporation d/b/a InventHelp ("InventHelp") and Robert J. Susa ("Susa") (collectively, "Plaintiffs"), by their attorneys, K&L Gates LLP, respectfully request that the Court enter an order permitting Plaintiffs to file their Complaint against Defendants Zulan Berry ("Berry") and Taylor Mack Enterprises, Inc. ("Taylor Mack") (collectively, "Defendants"), Exhibit B to their Complaint ("Exhibit B"), and Plaintiffs' Brief in Support of Motion for Preliminary Injunction ("Brief") under seal pursuant to Local Rule of Civil Procedure 5.2(H). Specifically, Plaintiffs request that the Court enter an Order permitting Plaintiffs to redact certain confidential, proprietary information in the Complaint and Brief and file the entirety of Exhibit B under seal. In support of this Motion, Plaintiffs state as follows:

1. The Complaint alleges, *inter alia*, that Defendants unlawfully misappropriated Plaintiffs' confidential and trade secret information.

1

2. In support of their claims, the Complaint details information related to Plaintiffs' sensitive and proprietary business and trade secret information that forms the bases for their claims against Defendants, the disclosure of which could harm Plaintiffs.

3. Exhibit B is a PowerPoint presentation (the "PowerPoint Presentation") that Susa created relative to the sale and marketing of innovative new product offerings and groupings and reflects Susa's confidential and trade secret information that Defendants have misappropriated.

4. The PowerPoint Presentation contains additional confidential information regarding a line of proprietary services that Susa disclosed to Defendant Berry that further describes aspects of a new invention services platform.

5. The Brief similarly details sensitive and proprietary business and trade secret information related to Plaintiffs' business interests that form the bases for Plaintiffs' claims against Defendants.

6. The disclosure to the public of the confidential and trade secret information contained in the Complaint, PowerPoint Presentation, and Brief would harm Plaintiffs, by jeopardizing their competitive advantage, and disseminating their respective trade secrets to the public.

7. While there is a common law presumption of public access to court proceedings, the Court should seal information when the movant shows "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Singleton v. Pharmatech, LLC*, No. 17-921, 2020 WL 7769835, at *8 (W.D. Pa. Dec. 30, 2020) (internal punctuation and citations omitted) (citing *In re Avandia Marketing, Sales Practices & Prods. Liability*, 924 F.3d 662 (3d Cir. 2019)) (granting motion to seal).

8.      Similarly, if a First Amendment right of access attaches, a party seeking to seal such information "'bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue.'" *Cutsforth, Inc. v. Lemm Liquidating Co., LLC*, No. CV 17-1025, 2020 WL 772442, at *2 (W.D. Pa. Feb. 18, 2020) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

9.      Plaintiffs' interest in preserving their confidential business information and trade secrets set forth in the Complaint, Exhibit B, and the Brief is sufficiently compelling to overcome the presumption of access here.

10.     Courts may "permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *In re Avandia*, 924 F.3d 662 at 679 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)).  Here, the proprietary services and marketing strategy set forth in the PowerPoint Presentation and detailed in the Complaint and Brief are sources of business information that, if released to the public, would harm InventHelp's and Susa's competitive standing in the invention services industry.  This would cause a "defined and serious injury" to Plaintiffs.  *See Avandia*, 924 F.3d 662 at 672.

11.     This information should also be sealed under the First Amendment right of access.  The PowerPoint and the allegations in the Complaint and Brief include Plaintiffs' trade secrets that, if disclosed, would "give its competitors an advantage when seeking to sell their products [and services] to Plaintiff's customers." *Cutsforth*, 2020 WL 772442, at *1 (finding that plaintiff's trade secrets should be safeguarded against the First Amendment right of access). Thus, Plaintiffs have an "overriding interest" in keeping this information confidential.  *See Avandia*, 924 F.3d 662 at 673.

12. The information that Plaintiffs seek to seal derives "independent economic value from not being generally known by others who can obtain economic value from its disclosure, and is subject to efforts that are reasonable under the circumstances to maintain its secrecy." *Id*.

13. Further, Plaintiffs' request to seal is narrowly tailored to seal only the specific information that would cause harm to Plaintiffs if disclosed. *See, e.g.*, *Cutsforth*, 2020 WL 772442, at *3; *see also Ebert v. C.R. Bard, Inc.*, No. CV 12-01253, 2020 WL 429771, at *2 (E.D. Pa. Jan. 28, 2020) (allowing redactions of expert report containing confidential business information where the information would have been valuable to competitors and the risk of economic harm was acute); *Mylan Pharm. Inc. v. Celgene Corp.*, No. CV142094ESMAH, 2017 WL 4891527, at *3 (D.N.J. Oct. 30, 2017) ("[B]ecause Mylan's interests in its Confidential Information identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion to Seal with respect to Mylan's Confidential Information[.]").

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order permitting Plaintiffs to redact certain confidential, proprietary information in the Complaint and Brief and file the entirety of Exhibit B under seal.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  January 5, 2021 | /s/ David J. Garraux |
|  | David J. Garraux |
|  | PA ID No. 204350 |
|  | Ali J. Parker |
|  | PA ID No. 318607 |

K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T: 412-355-6500
F: 412-355-6501
david.garraux@klgates.com
ali.parker@klgates.com

*Counsel for Plaintiffs*
*Invention Submission Corporation d/b/a InventHelp*
*and Robert Susa*