IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INVENTION SUBMISSION CORPORATION, d/b/a INVENTHELP and ROBERT J. SUSA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> TAYLOR MACK ENTERPRISES, INC. and ZULAN BERRY, an individual, <br><br> Defendants. | No. 2:21-cv-0015-WSH/LPL |

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL COMPLAINT, EXHIBIT B TO THE COMPLAINT, AND BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to the Court's February 5, 2021 Order, Plaintiffs Invention Submission Corporation d/b/a InventHelp ("InventHelp") and Robert J. Susa ("Susa") (collectively, "Plaintiffs"), by their attorneys, K&L Gates LLP, hereby submit this supplemental brief in further support of their Motion to Seal ("Motion"), which requests that the Court enter an order permitting Plaintiffs to file their Complaint against Defendants Zulan Berry ("Berry") and Taylor Mack Enterprises, Inc. ("Taylor Mack") (collectively, "Defendants"), Exhibit B to their Complaint ("Exhibit B"), and Plaintiffs' Brief in Support of Motion for Preliminary Injunction ("Brief") under seal pursuant to Local Rule of Civil Procedure 5.2(H). As set forth more specifically in the Motion, Plaintiffs request that the Court enter an Order permitting Plaintiffs to

redact certain confidential, proprietary information in the Complaint and Brief, and file the entirety of Exhibit B under seal.  In further support of this Motion, Plaintiffs state as follows:

## INTRODUCTION

This case involves the open, unapologetic misappropriation of Plaintiffs' trade secrets and other confidential, proprietary information essential to their respective business strategies and competitive advantage.  Through the Motion, Plaintiffs seek to seal a limited subset of documents and information, the divulgement of which would substantially impair Plaintiffs' commercial advantage in the highly competitive invention services business.  Most especially, Plaintiff Susa seeks to protect from disclosure confidential, strategic business and marketing plans for a new invention service platform developed by Susa through the investment of substantial time, energy, and resources.  Confidential and proprietary business plans like those at issue here are among the types of information that courts in this Circuit routinely seal.  Further, Plaintiffs' request is narrowly tailored to seal only the most sensitive information, the disclosure of which is most likely to be of substantial commercial harm.

## FACTUAL BACKGROUND

Plaintiff Susa is the President of InventHelp, a well-known invention services company with offices throughout the United States.  Defendant Berry has served as a Regional Sales Director with InventHelp for many years, is familiar with its marketing strategies, product offerings, and pricing structure, and remains contractually bound to safeguard InventHelp's trade secrets and confidential information.  *See* Complaint at ¶¶ 3-4.

Separately, Susa developed a new invention services platform that was first shared with a select handful of sales professionals during a November 2019 meeting in Hollywood Beach, Florida (the "November 2019 Meeting").  *See id.* at ¶ 31.  All of those in attendance, including

Defendant Zulan Berry, were obligated to keep the information disclosed at the meeting confidential. At the November 2019 Meeting, Susa revealed a line of innovative services that he intended to offer by way of a new invention services platform. *Id.* at ¶ 32. Susa detailed these proprietary ideas – along with pricing, incentives, and sales strategies –in a PowerPoint presentation that he shared with the handful of select professionals in attendance (the "PowerPoint Presentation"). *See* Complaint at Ex. B.

The PowerPoint Presentation reflects confidential and trade secret information relating to Susa's proprietary, new invention services platform that he had not previously disclosed. Complaint at ¶ 33. In addition to distributing copies of the PowerPoint Presentation, Susa articulated his sales and marketing plan, and also distributed various other materials describing the new services platform and sales offerings. *Id.* at ¶ 35. Berry received copies of the PowerPoint Presentation and additional, sensitive materials. *Id.* at ¶¶ 34-35.

Within two weeks, Berry registered a website for Defendants' new invention services company, which unlawfully misappropriated the subject matter of the PowerPoint Presentation, as well as other information and documents that were disseminated to her at the November 2019 Meeting. *Id.* at ¶¶ 44-45. Further, the services offered by Defendants rely upon trade secrets and proprietary information lifted directly from Defendants' long-standing relationship with InventHelp.

## ARGUMENT

### I.     Legal Standard

Although there is a common law presumption of public access to court proceedings, this presumption can be overcome and a court should seal information when the movant shows "that the material is the kind of information that courts will protect and that disclosure will work a

clearly defined and serious injury to the party seeking closure." *Singleton v. Pharmatech, LLC*, No. 17-921, 2020 WL 7769835, at *8 (W.D. Pa. Dec. 30, 2020) (internal punctuation and citations omitted) (citing *In re Avandia Marketing, Sales Practices & Prods. Liability*, 924 F.3d 662 (3d Cir. 2019)) (granting motion to seal). Similarly, the First Amendment right of access can be overcome if the moving party "'bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue.'" *Cutsforth, Inc. v. Lemm Liquidating Co., LLC*, No. CV 17-1025, 2020 WL 772442, at *2 (W.D. Pa. Feb. 18, 2020) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). Courts may "permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing[,]'" such as trade secrets and other confidential, proprietary information. *In re Avandia*, 924 F.3d at 679 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *Cutsforth*, 2020 WL 772442, at *1 (finding that plaintiff's trade secrets should be safeguarded against the First Amendment right of access when disclosure would "give [the movant's] competitors an advantage when seeking to sell their products [and services] to Plaintiff's customers.").

Stated differently, courts in this Circuit, have granted motions to seal when:

a. Plaintiffs have an "overriding interest" in keeping this information confidential, such as when the information derives "independent economic value from not being generally known by others who can obtain economic value from its disclosure, and is subject to efforts that are reasonable under the circumstances to maintain its secrecy[,]" *see Avandia*, 924 F.3d at 673; and

b. Plaintiffs' request is narrowly tailored to seal only that information that would cause harm to Plaintiffs if disclosed, *see, e.g.*, *Cutsforth*, 2020 WL 772442, at *3; *see also Ebert v. C.R. Bard, Inc.*, No. CV 12-01253, 2020 WL 429771, at *2 (E.D. Pa. Jan. 28, 2020).

4

## II.     Sealing Is Appropriate Here

The information that Plaintiffs seek to seal details information related to sensitive and proprietary business and trade secret information that forms the bases for the claims against Defendants, the disclosure of which risks demonstrable harm. This includes confidential information relative to the sale and marketing of innovative new product and service offerings, which – individually and collectively – reflect protected, proprietary business information relative to Susa's new invention services platform. For the reasons explained below, public disclosure of this information would cause substantial harm to Plaintiff Susa's competitive position in the marketplace, including harm to the new invention service platform's negotiating position with potential clients and positioning with respect to competitors. As such, sealing is warranted pursuant to *In re Avandia*.

The confidential marketing and business plan information that Plaintiffs seek to seal reflects the types of records that courts in this Circuit routinely seal. For example, in *Federal Trade Commission v. Thomas Jefferson University*, the court granted a motion to seal documents because they contained "future strategic business plans and other business information that, if disclosed, might harm Defendant's ability to compete." No. 20-01113, 2020 WL 5519353, at *1 (E.D. Pa. Sept. 14, 2020). Other decisions from this Court and others in this Circuit reach similar results. *See Three Brothers Supermarket, Inc. v. U.S.*, No. 2:19-cv-2003-KSM, 2020 WL 5749942, at *4-5 (E.D. Pa. Sept. 25, 2020) (granting motion to seal related to sales numbers and inventory data because competitors could use that information to gain a competitive advantage); *H.J. Heinz Co. v. Boulder Brands USA, Inc.*, No. CV 15-681, 2016 WL 10520929, at *1 (W.D. Pa. Sept. 23, 2016) (noting that "some non-trade secret, confidential business information may also be protected, for example, where the moving party shows that the disclosure of such

information might harm its competitive standing" and allowing documents including "product development, research and testing, consumer research, financial data and licensing strategy" to be filed under seal).

Disclosure of the proprietary business plan in which Susa invested substantial time, energy, and resources would substantially harm Susa's position in the marketplace, handicapping his ability to compete by divulging confidential details as to pricing and marketing strategy. Moreover, disclosure would allow competitors to directly target Susa's potential clients utilizing the same plan and steal them away from Susa. Additionally, Plaintiffs propose to seal only the bare minimum necessary to protect their confidential information as explained in the chart below:

| Request No. | Description | Confidential Materials | Rationale for Sealing |
|---|---|---|---|
| No. 1 | Exhibit B to the Complaint | PowerPoint presentation that Susa created relative to the sale and marketing of innovative new product offerings and groupings for a new invention services platform. | Susa invested substantial time, energy, and resources in developing a services model not previously seen in the competitive invention services industry. Certain services revealed by Susa had never been offered in the invention services industry; the PowerPoint presentation reveals confidential details as to pricing, marketing strategy, and the services themselves. Moreover, the PowerPoint details how various elements of the business model coordinate to provide an innovative, new approach for inventor clients. Disclosing this information would materially harm Susa's ability to attract customers and would also give potential competitors an advantage when attempting to sell to Susa's customers. |

|  |  |  | Disclosing the PowerPoint would result in Susa's confidential business strategy and model being revealed to the general public. |
|---|---|---|---|
| No. 2 | The chart in Plaintiffs' Brief in Support of Their Motion for Preliminary Injunction | Chart that compares the product and service offerings of Defendants' new business with those outlined in the PowerPoint prepared by Susa. | Susa invested substantial time, energy, and resources in developing a services model not previously seen in the competitive invention services industry. The chart details the services package, which reflects new, innovative ideas that Susa developed, is refining, and which he is not currently offering to the public. Disclosing this information would materially harm Susa's ability to attract new customers and would also give potential competitors an advantage when attempting to sell to Susa's customers.<br><br>Because the services offered by Defendants are a near-perfect copy of the services offered under Susa's new model, disclosing the services developed by Susa as compared to those peddled by Defendants would have a detrimental effect on Susa's ability to benefit from the business concepts developed by his efforts and at his expense. |
| No. 3 | Paragraph No. 10 of the Complaint | Allegations that describe and provide a link to Defendants' competitive business model, which copies language, concepts, product offerings, and ideas developed by InventHelp and, separately, new services and concepts revealed by Susa in | Susa invested substantial time, energy, and resources in developing a services model not previously seen in the competitive invention services industry. Publicizing the link to the bootlegged services package, which reflects new, innovative ideas that – individually and as a package – are not currently available to the public through Susa promotes the broader dissemination of the purloined trade secrets. |

7

|  |  | confidence at a November 2019 meeting. |  |
| --- | --- | --- | --- |
| No. 4 | Paragraph Nos. 33, 35, and 42-56 of the Complaint | Allegations that describe in detail the November 2019 meeting at which Susa disclosed his new invention services model and the business plan revealed by Susa, as well as the PowerPoint itself, as compared to the website for Defendants' new business, which essentially copies the information provided during the November 2019 meeting verbatim. | Susa invested substantial time, energy, and resources in developing a services model not previously seen in the competitive invention services industry.  Publicizing the particulars of the bootlegged services package, which reflects new, innovative ideas that – individually and as a package – are not being offered to the public – promotes the broader dissemination of the purloined trade secrets.<br><br>Further, articulating the subject matter of the November 2019 meeting would result in the public exposure of protected information relayed in confidence to a small, exclusive group of professionals. Understanding that the Complaint's description of Plaintiffs' services necessarily includes information revealed at the November 2019 meeting (inclusive of references to the PowerPoint exhibit that Plaintiffs assert should remain sealed), along with multiple references and links to Defendants' website promoting the purloined trade secrets, dissemination of the subject paragraphs would expose the subject matter of Susa's November 2019 meeting and the PowerPoint to the view of market competitors. |

As discussed above, the disclosure of each of the discrete categories of information

Plaintiffs seek to seal risks harming Plaintiffs' – and most especially Susa's – competitive position in the invention service industry.

## CONCLUSION

For the foregoing reasons, and as set forth further in Plaintiffs' Motion, Plaintiffs respectfully request that the Court enter an Order in the form attached to Plaintiffs' Motion permitting Plaintiffs to redact certain confidential, proprietary information in the Complaint and Brief, and file the entirety of Exhibit B under seal.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: February 19, 2021 | /s/ David J. Garraux<br>David J. Garraux<br>PA ID No. 204350<br>Jessica L.G. Moran<br>PA ID No. 325912<br><br>K&L Gates LLP<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, PA 15222<br>T: 412-355-6500<br>F: 412-355-6501<br>david.garraux@klgates.com<br>jessica.moran@klgates.com<br><br>*Counsel for Plaintiffs*<br>*Invention Submission Corporation d/b/a InventHelp*<br>*and Robert Susa* |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 19, 2021, a true and correct copy of the foregoing document was served on all counsel of record via email and U.S. First Class Mail, postage prepaid, at the following address:

Prabhu Narahari
429 Fourth Ave.,
Suite 300
Pittsburgh, PA 15219
pn@manesnarahari.com

*Counsel for Defendants Taylor Mack Enterprises, Inc. and Zulan Berry*


                    */s/ David J. Garraux*